**1**

Pennsylvania Railroad Company, Libelant-Appellant, v. Steamship HARVEY H. BROWN, Her Engines, etc.; Castner, Curran & Bullitt, Inc., Claimant-Appellee.

Circuit Court of Appeals, Second Circuit. April 18, 1927.

No. 279.

Appeal from the District Court of the United States for the Southern District of New York.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and J. Dudley Eggleston, both of New York City, of counsel), for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (W. H. McGrann and J. Harvey Turnure, both of New York City, of counsel), for appellee.

Before MANTON, HAND, and SWAN, Circuit Judges.

PER CURIAM. Decree affirmed, with costs.

═══

**2**

HOOKLESS FASTENER COMPANY, Plaintiff-Appellant, v. G. E. PRENTICE MANUFACTURING COMPANY, Defendant-Appellant.

Circuit Court of Appeals, Second Circuit. April 4, 1927.

No. 244.

Appeal from the District Court of the United States for the District of Connecticut.

Cleon J. Sawyer, James J. Kennedy, and Julian S. Wooster, all of New York City, for plaintiff-appellant.

Roberts, Cushman & Woodberry, of Boston, Mass., and Cooper, Kerr & Dunham, of New York City (Robert Cushman, of Boston, Mass., of counsel), for defendant-appellant.

Before MANTON, HAND, and SWAN, Circuit Judges.

PER CURIAM. Decree affirmed on opinion of Judge Thomas ([D. C.] 14 F.[2d] 1014), without costs.

**3**

HO SING, Appellant, v. P. L. PRENTIS, United States Immigration Inspector in Charge, Appellee. NG BONG, Appellant, v. P. L. PRENTIS, United States Immigration Inspector in Charge, Appellee.

Circuit Court of Appeals, Sixth Circuit. May 9, 1927.

Nos. 4760, 4761.

Appeals from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

O. Guy Frick, of Detroit, Mich., for appellants.

C. Frederick Stanton, Asst. U. S. Atty., of Detroit, Mich., for appellee.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. The sole question presented by these appeals is whether there was, upon the hearing before the immigration officials, any substantial evidence that these Chinese persons had entered the United States within five years, for, lacking such evidence, the Department of Labor had no jurisdiction to proceed as it did under section 19 of the Immigration Act of 1917 (Comp. St. § 4289¼jj).

There was evidence tending to show that these two Chinese persons were brought to a Detroit hotel by a white man in the evening; that in the morning they were called for by another white man; that they could not speak English; that they were unable or unwilling to explain what their relations were with these two white men; and that they had no familiarity whatever with Detroit. The court took judicial notice of the constant practice of smuggling alien Chinese across the border at Detroit, and of its substantial extent, and that the situation here shown was typical of this smuggling practice, and strongly indicated an instance thereof.

We conclude that the departmental finding of recent entry by the Chinese was not without substantial support; hence the judgment of remand for their deportation must be affirmed; but, as the present record suggests a Canadian domicile, this affirmance will be without prejudice to the question of the country to which they should be deported, if any such question exists. See the opinion of Circuit Judge Hough in United States v. Curran (C. C. A.) 16 F.(2d) at pages 960, 961.